**Duane Estate**

*A. J. Drexel Paul, Jr.,* for appellant.

*Herbert W. Salus, Jr.,* for respondent.

SHOYER, J., September 9, 1969.—This appeal under section 1001 of the Pennsylvania Inheritance and Estate Tax Act of June 15, 1961, P. L. 373, raises the question whether the taxpayer is entitled to the five percent discount allowed under section 716 of the act for a payment made on December 12, 1963, of the sum of $57,712.50 on account of the inheritance tax.

Attached hereto is a written stipulation of counsel reciting the facts.

It appears that decedent, Dr. William Duane, Jr., was *found,* dead, in his apartment at 2109 Spruce Street, Philadelphia, on *September 14,* 1963. The exact *date* of his death is unknown. The petition for letters testamentary, the inheritance tax affidavit filed by the fiduciary, and the adjudication of Judge Saylor sur the account of the executor recite that decedent died on or before September 9, 1963. On *December 12,* 1963, the executor delivered a check in the amount of $57,712.50 to the register of wills, with a letter setting forth that the check was in payment of Pennsylvania inheritance tax at the rate of 15 percent on $405,000, or $60,750, less 5 percent discount of $3,037.50, or $57,712.50. The register of wills issued his official receipt no. 726464 dated December 12, 1963, vouching the payment of $60,750 on account of the tax less 5 percent discount of $3,037.50 for payment within 3 months of death. The voucher receipt recites September 9, 1963,

as the date of death. A further payment of $11,877.63 was made on September 10, 1964, on account of the tax.

On January 20, 1969, an inheritance tax appraisement was filed and inheritance tax was assessed, and notice thereof sent to the taxpayer. The notice of the assessment indicates that the $3,037.50 discount was allowed and then stricken out (much later) and reflects an adjusted overpayment of inheritance tax in the sum of $5,285.04 instead of $8,322.54, which latter amount would be the actual overpayment of the tax if the discount were allowed.

It is important to note that hitherto no judicial determination has been made of the actual date of death of decedent.

Section 716 of the Inheritance and Estate Tax Act of 1961, supra, provides that "To the extent that the inheritance tax is paid within three (3) months after the death of the decedent, a discount of five (5) per cent shall be allowed."

The issue as defined by the parties is the "date of death" of decedent.

Section 102(6) of the act defines the meaning of the term *Date of death* "means the date of actual death, except in the case of a presumed decedent, when it means the date found by the final decree to be the date of the absentee's presumed death: Provided, That for the purpose of determining interest and discount it means the date upon which the court enters its final decree of presumptive death."

Our mature deliberation, after considering all the facts in this case, convinces us that it would be a mistake to apply the statutory definition too narrowly. In a situation where decedent's death goes undiscovered for a period of time, and then its actual occurrence is established by a finding of the body, the issuance of

the official death certificate should be attended with the same consequences as the court's "final decree."

In an opinion by Deputy Attorney General Hull, Inheritance Tax of Persons Presumed to be Dead, 1 D. & C. 502 (involving discount), and in Hahn's Estate, 36 D. & C. 136 (involving penalty), in connection with a presumed decedent's estate, it was held that the period runs from the *date of the decree* by the court rather than the date of presumed death as found by the decree.

In Michel Estate, 14 D. & C. 2d 770, 9 Fiduc. Rep. 1 (O. C. Phila., 1958), we held that the *rate* of tax applicable to a presumed decedent's estate must be determined as of the date of presumed death and not by the date the decree of presumed death is entered. We there pointed out, page 772: "It is not only logical but in strict principle inevitable that the date for the confirmation of the decree presuming death be the significant date for the purpose of determining discount, interest and penalties. The discount is in substance a reward for not delaying in making payments. Clearly the period for making payment does not begin and delay is not present, until it is established that the person is dead. Similarly, interest and penalties are designed as punishment for the making of late payments. Again, *there is no improper delay until it is established that there is a death.*" (Italics supplied.)

It is evident from the stipulation entered into on behalf of the Commonwealth and the taxpayer that the decedent's dead body was found on September 14, 1963. Decedent's *death* was officially certified by the medical examiner on the same date. When he actually died is not known, nor has the exact date of death been officially fixed or certified.

Since the Commonwealth has established definitely that decedent's body was found on September 14, 1963,

it becomes unnecessary to establish by judicial decree the date when he actually died. But as we said in Michel, supra, the taxpayer cannot be charged with any improper delay in seeking the discount until the fact of death has first been established. Assume a case where decedent's body (or skeleton) was discovered in the desert, in an abandoned mine or some other inaccessible place more than one year after he had disappeared. It would be manifestly unfair to permit the Commonwealth to forbid all discount and immediately assess penalty under such circumstances.

I find that for our present purpose the date when the body was found is the date when decedent's death became publicly known and may with more certainty be used as the date from which the time may be measured to allow the taxpayer the benefit of the discount period intended by the act to be applied *uniformly* to all decedents' estates. The discount of $3,037.50 originally allowed on the voucher receipt no. 726464 dated December 12, 1963, is confirmed.

The appeal, because of the disallowance of the discount of $3,037.50, is sustained. The register of wills is directed to correct the inheritance tax record in accordance with the above. The record is remitted to the register of wills.